# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JAMES R FOUTS,

*Plaintiff,*

Case No.: 23-cv-11868

Hon.:

*vs*

THE WARREN CITY COUNCIL,
THE WARREN CITY ELECTION
COMMISSION; ANTHONY G
FORLINI *in his official capacity as*
MACOMB COUNTY CLERK, *and*
SONJA D BUFFA *in her official*
*capacity as* WARREN CITY CLERK,
*jointly and severally*,

*Defendants*.

---

Nabih H Ayad (P59518)
William D Savage (P82146)
*Attorneys for Plaintiff*
645 Griswold St., Ste. 2202
Detroit, MI 48226
P: (313) 983-4600 | F: (313) 983-4665
filing@ayadlawpllc.com

---

## **VERIFIED COMPLAINT**

NOW COMES, Plaintiff James R Fouts, by and through his counsel at Ayad Law, PLLC, and hereby brings the following verified complaint, stating the following:

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

## JURISDICTION AND VENUE

1. This case arises under the Constitution and laws of the United States. This Court has subject-matter jurisdiction of this action under 28 USC §§ 1331 and 1343(3) & (4). This suit is authorized by 42 USC § 1983. This Court has jurisdiction to grant both declaratory and injunctive relief under 28 USC §§ 2201 and 2202.

2. Venue in this district and division is proper under 28 USC § 1391(b) because this action is predicated upon a federal question and a substantial part of the events or omissions giving rise to the claims alleged in this complaint have occurred, and will continue to occur, in this district.

## PARTIES

3. Plaintiff JAMES R FOUTS (hereinafter "Plaintiff") is the current mayor of the City of Warren, Michigan. He has served as Mayor of Warren since he won his first term in 2007, being reelected in 2011, 2015, and 2019. He is currently serving his fourth term in office.

4. Defendant THE WARREN CITY COUNCIL (hereinafter "Defendant Council") consists of five council members elected for each of the city's five districts, and two at large. Defendant Council acts as the City of Warren. Defendant Council confirms certain administrative appointments and approves the city budget in its final form.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

5. Defendant THE WARREN CITY ELECTION COMMISSION (hereinafter "Defendant Commission" is responsible for preparing, printing, and delivering election ballots.

6. Defendant ANTHONY G FORLINI is, as the MACOMB COUNTY CLERK (hereinafter "Defendant County Clerk"), is responsible for administering the elections in which the Mayor of Warren is elected. Mr. Forlini is not being sued personally, but in his official capacity as Macomb County Clerk only.

7. Defendant SONJA D BUFFA as the WARREN CITY CLERK (hereinafter "Defendant City Clerk"), is responsible for accepting or rejecting mayoral candidates for placement on election ballots in the elections for the Mayor of Warren. Ms. Buffa is not being sued personally, but in her official capacity as Warren City Clerk only.

**INTRODUCTION**

8. This is a § 1983 civil rights action, brought by the current Mayor of Warren, to vindicate his First, Fifth, and Fourteenth Amendment rights under the United States constitution, all of which are currently being violated by Defendants.

9. On August 8, 2023, the City of Warren will hold a primary election to decide who will be the candidates for Mayor in the November 7, 2023 general election.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

10. Plaintiff planned to run in that election, but owing to the unconstitutional conduct of Defendants, he is now unable.

11. In 2016, the people of the City of Warren amended the Warren City Charter to increase the mayor's term limits from three to five.

12. Plaintiff, as the Mayor of the City of Warren, was previously subject to this five-term limit, and is currently finishing his fourth term as mayor.

13. In 2020, the Warren City Council proposed an amendment (hereinafter the "2020 charter amendment") to the Warren City charter, which would reduce the term limit for the office of mayor from five terms to three.

14. The amendment passed, however, despite including explicit language as to retroactivity in all prior term-limit provisions of the Warren City charter, the 2020 ballot question does not include any language as to retroactive application.

15. In 2023, the Warren City Council sued the Macomb County Clerk and the Warren City Clerk to require them to exclude Plaintiff from the 2023 ballot as ineligible under the new three-term charter provision. See *Warren City Council v. Buffa*, No. 365488, 2023 WL 3046530 (Mich. Ct. App. Apr. 21, 2023).

16. Accordingly, Plaintiff is now being excluded from expressing his First Amendment political speech by being excluded from running for office and excluded from voting for his preferred candidate for mayor.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

17. Further, Plaintiff's rights to due process of law and equal protection of law, under the Fifth and Fourteenth Amendments, respectively, are being violated.

## PRELIMINARY STATEMENT AS TO LAW

18. Owing to the short timeframe, concurrently filed motion for expedited review, Plaintiff has taken the liberty of including important law and legal standards throughout this complaint, for the benefit of both the Court and Defendants.

## FACTS AND LAW

19. The City of Warren, Michigan is third most populous city in Michigan.

20. As of the 2020 census, the city had a population of 139,387, making it the largest community in Macomb County and the third-largest city in Michigan and Detroit's largest suburb.

21. The City of Warren is home to a wide variety of businesses, including General Motors Technical Center, the United States Army Detroit Arsenal, home of the United States Army TACOM Life Cycle Management Command and the Tank Automotive Research, Development and Engineering Center (TARDEC), and the headquarters of Asset Acceptance.

22. The City of Warren's annual budget for the fiscal year 2023-2024 is approximately $325,200,000.oo.

23. Since 2007, Plaintiff James R Fouts has been the Mayor of the City of Warren.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

24. Plaintiff has historically had exceptionally high approval ratings amongst the voters of the City of Warren, having won multiple elections in landslide victories.

25. Throughout Plaintiff's tenure as mayor, he has been a thorn in the side of those who would hinder political, economic, and social progress within the City, especially those who benefit from the *status quo*.

26. The City Council frequently comes into conflict with Plaintiff over city policies.

27. For example, as the Mayor of Warren, Plaintiff focused on appointing deserving members of minority groups to important positions within the city yet Defendant Council took actions against Plaintiff's appointees by demoting, removing positions, and taking away job duties.

28. When the Warren City Charter was established in 1956, it did not contain term limits for city officials.

29. In 1998, Defendant Council submitted a proposed ballot question to amend the charter to provide that city officers, including the mayor, council members, clerk, and treasurer, could not hold office for the greater of three terms or 12 years in a particular office.

30. The 1998 ballot proposal explicitly addressed the topic of retroactivity by providing that the limitation would begin with the term related to the election that had occurred in November 1995. The resolution passed, and the city

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

charter was duly amended, with the appropriate language expressly addressing retroactivity included.

31. In 2016, Defendant Council proposed that the voters should choose whether to extend the term limits for mayor from three terms or 12 years, to five terms or 20 years. The ballot proposal expressly addressed retroactivity by indicating that any years or terms served prior to the amendment would be included. The measure passed, and the charter was amended.

32. In 2020, Defendant Council proposed an amendment to the city charter that would undo the 2016 amendment, and reduce the mayoral term limit back to three, as it existed prior to the voters of Warren 2016 choice to extend it to five terms.

33. At the time of the 2020 proposal, Plaintiff was serving in his fourth term as the Mayor of the City of Warren with every intention of running for a fifth term.

34. Although Defendant Council's ballot proposal included language indicating that the charter amendment would apply retroactively, the actual charter amendment that appeared on the ballot excluded language indicating that the charter amendment would apply retroactively.

35. This raised two issues:

a. Whether the 2020 charter amendment applied retroactively to limit Plaintiff to three terms of office, or would be applied prospectively allowing Plaintiff one more (his fifth) term of office; and

b. If the 2020 charter amendment was intended to be applied to Plaintiff retroactively, whether doing so would violate Plaintiff's constitutional rights by prohibiting him from appearing on the 2023.

36. The 2020 charter amendment passed, changing the number of terms that a mayoral candidate can serve from five terms, back to three.

37. The language of the Warren City Charter now reads:

> A person shall not be eligible to hold the position of mayor, city council, city clerk or city treasurer for more than the greater of three (3) complete terms or twelve (12) years in that office.

Warren City Charter, § 4.3(d).

38. The default, under the law, is that statutes that do not explicitly state that they are to be applied retroactively, are not applied retroactively. "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Johnson v. Pastoriza*, 491 Mich. 417, 429, 818 N.W.2d 279, 285 (2012). "Since the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent… The presumption against statutory retroactivity has consistently been explained by reference to the unfairness of

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

imposing new burdens on persons after the fact." *Landgraf v. USI Film Prod.*,

511 U.S. 244, 270, 114 S. Ct. 1483, 1499–500, 128 L. Ed. 2d 229 (1994).

39. Importantly, as the Michigan Court of Appeals in Defendant Council's lawsuit

acknowledged and then completely disobeyed, Michigan courts "**may read**

**nothing into an unambiguous statute** that is not within the manifest intent

of the Legislature **as derived from the words of the statute itself**… [And]

the[ir] primary goal is to discern and give effect to the legislative intent that

may reasonably be inferred from **the language of the charter**." *Warren City*

*Council v. Buffa*, No. 365488, 2023 WL 3046530, at *5 (Mich. Ct. App. Apr.

21, 2023), appeal denied, 989 N.W.2d 679 (Mich. 2023) (emphasis added)

(internal citations, quotations, and brackets omitted).

40. There being no language in the 2020 charter amendment that expressly stated

that the three-term limit would apply retroactively to him, Plaintiff began

undertaking steps to ensure his name would appear on the ballot for the 2023

mayoral election.

41. There being no language in the 2020 charter amendment that expressly stated

that the three-term limit would apply retroactively to Plaintiff, Defendants

Election Commission, County Clerk, and City Clerk, began the process of

including Plaintiff's name on the ballot for the 2023 mayoral election.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

42. In 2023, Defendant Council sued Defendants Election Commission, County Clerk, and City Clerk to force them to exclude Plaintiff's name from the ballot for the 2023 mayoral election.

43. On April 21, 2023, the Michigan Court of Appeals reversed the lower court's decision that the 2020 charter amendment could not be applied retroactively to bar Plaintiff's candidacy for mayor of the City of Warren and ordered Defendants Election Commission, County Clerk, and City Clerk to remove Plaintiff as a candidate.

44. Defendant Council's proposing, rewording, and unlawful enforcing (through a lawsuit), of the 2020 charter amendment, is part of a concerted effort on the part of Defendant Council and its members to advance their own political interests as opposed to the interests of the people of the City of Warren.

45. Warren City Councilmember Patrick Green (hereinafter "Councilmember Green") was elected to the Council in 2011 and reelected in 2015 (at which time he served a partial term after leaving his position as councilmember to sit in the state Senate) and in 2019.

46. Because of Defendant Council's intentional design of the 2020 Charter Amendment, Councilmember Green is now serving in his 13th year on the Warren City Council, while running in the 2023 mayoral election, despite the fact that the 2020 charter amendment limits city councilmembers to three four-year terms.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

47. This is possible because of Defendant Council's custom tailoring the 2020 charter amendment to their own desires.

48. The 2020 charter amendment provides that:

> [A] person is eligible to hold the office of city council for not more than "the greater of" three complete terms or 12 years. Although a term in office is four years and three complete terms therefore equals 12 years, the phrase "the greater of" contemplates that a councilmember may serve longer than 12 years if he or she has previously served a partial term. Because defendant has not yet served three complete terms, he is eligible to complete his third full term in office.
>
> *Boike v. Green*, No. 365681, 2023 WL 3588168, at *5 (Mich. Ct. App. May 22, 2023).

49. Accordingly, based on the Michigan Court of Appeals ruling, above, Defendant Council's president, Councilmember Green, can simply vacate his position on the City Council days before his term would end, and then run for a fourth, fifth, sixth, etc. term as City Councilmember in the following election.

50. In this way, the 2020 charter amendment expanded the time which the members of Defendant Council could spend in office from twelve years to the rest of their lives, so long as they never complete their third terms.

51. Yet Plaintiff, who was in his fourth term, could not take advantage of Defendant Council's built-in loophole.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 3202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

***Warren City Council v Buffa, et al.***
***Michigan Court of Appeals Case No. 365488.***

52. It is anticipated that all or some of the Defendants in this action will point to the recently issued Michigan Court of Appeals decision in *Warren City Council v Buffa, et all* (Michigan Court of Appeals No. 365488, hereinafter referred to as the "Council's lawsuit") [1, 2] as evidence that Plaintiff's rights were not violated.

53. Defendant Council's lawsuit does not and cannot stand for that principle.

54. No Michigan court, including the court in Defendant Council's lawsuit, has been asked to answer a federal question or to apply constitutional law to the facts of the 2020 charter amendment operating to exclude Plaintiff from participating in the 2023 election for the office of Mayor of the City of Warren.[3]

A Y A D   L A W ,   P . L . L . C .
445 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

---

[1] The lawsuit is unpublished and, therefore, would not be controlling on a Michigan court were Plaintiff to bring his claims in state court.

[2] Plaintiff was deeply concerned and disappointed by the failure of the Michigan Court of Appeals in Defendant Council's lawsuit to even hold oral argument on such a vitally important issue. Foregoing oral argument on such an important case and a matter of public concern is a very unusual, if not unique, circumstance.

[3] Because Defendant Council's lawsuit did not include Plaintiff or a party in privity with him, and did not raise or analyze questions of constitutionality, there are no issues of *res judicata* or issue preclusion present here.

55. Any discussion of constitutionality by the Michigan Court of Appeals in its decision in Defendant Council's lawsuit would be merely *dicta*, as no constitutional case in controversy was before it.

*Plaintiff's First Amendment right to run for mayor and*
*application of the 2020 charter amendment to bar him, personally.*

56. The new charter reduced the candidates for a democratically elected political office: Namely, Plaintiff.

57. When this happens, the United States Supreme Court has held that states (and their cities) must meet the compelling interest standard. "However slight [the] burden [of any restriction eliminating a candidate from a ballot] may appear, … **it must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation**." *Crawford v. Marion Cnty. Election Bd*., 553 U.S. 181, 191, 128 S.Ct. 1610, 170 L.Ed.2d 574 (2008) (emphasis added).

58. The court in Defendant Council's lawsuit made no finding of a relevant and legitimate state interest, and none can be inferred, for excluding only Plaintiff, personally, from participating as a candidate in the 2023 mayoral election because the court in Defendant Council's lawsuit misapplied state law and a "**local misapplication of state law" cannot be considered a compelling government interest**. See *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 238 (6th Cir.2011) (emphasis added).

59. The Michigan Court of Appeals ruled that "[t]he 2020 charter amendment does not contain a legislative statement of retroactive application… [but] …the terms served before the amendment's passage will be counted" and ordered Defendant City Clerk to "disqualify Mayor Fouts as a candidate for mayor in 2023 and not place his name on the ballot for election." *Warren City Council v. Buffa*, No. 365488, 2023 WL 3046530, at *9 and *11 (Mich. Ct. App. Apr. 21, 2023), appeal denied, 989 N.W.2d 679 (Mich. 2023).

60. The Michigan Court of Appeals misapplied the law when it ruled that that 2020 charter amendment did not affect a vested right of Plaintiff, when Plaintiff has a constitutional right to be a ***candidate*** for the Mayor of Warren. "Mayor Fouts does not have a vested right to be elected as mayor in 2023." *Warren City Council v. Buffa*, No. 365488, 2023 WL 3046530, at *8 (Mich. Ct. App. Apr. 21, 2023), appeal denied, 989 N.W.2d 679 (Mich. 2023).

61. As the Michigan Supreme Court has recognized: "Few questions have troubled the courts more than the problem of what are vested rights... A few courts have frankly recognized that policy considerations, rather than definitions, are controlling … There are independent constitutional provisions and doctrines that might apply to render retroactive statutes unconstitutional…" *Buhl v. City of Oak Park*, 507 Mich. 236, 265-6, 968 N.W.2d 348, 364 (2021) (Viviano, J. concurring), quoting *Rookledge v.*

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

*Garwood*, 340 Mich. 444, 456, 65 N.W.2d 785 (1954), quoting *Wylie v. City Comm. of Grand Rapids*, 293 Mich. 571, 587, 292 N.W. 668 (1940).

62. Here, "[t]he right to cast an effective vote 'is of the most fundamental significance under our constitutional structure[,]' and [t]he rights of political association and free speech occupy a similarly hallowed place in the constitutional pantheon." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 585 (6th Cir. 2006) (quoting *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S. Ct. 2059, 2063, 119 L. Ed. 2d 245 (1992).

63. The Supreme Court of the United States in "*Reynolds v Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), and *Williams v Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L. Ed. 2d 24 (1968), hold[s] that a citizen has a right to vote effectively and, by logical extension, **that means that he is to be given a wide latitude in his choice of public officials. His right to support a candidate of his choice – including himself – cannot be arbitrarily restricted**." *Mogk v. City of Detroit*, 335 F. Supp. 698, 700 (E.D. Mich. 1971) (cleaned up, emphasis added).

64. A state can provide more constitutional protections, but cannot provide less constitutional protections, than those provided by the United States constitution.

65. Accordingly, because the court in Defendant Council's lawsuit found no vested right on the part of Plaintiff to vote for, and act as, his candidate of

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

choice, it misapplied the law and cannot be used to show that Defendants have a relevant and legitimate state interest in barring Plaintiff's candidacy.

### *Retroactivity and Plaintiff's Due Process*

66. So too did the decision in Defendant Council's lawsuit misapply the law of Plaintiff's rights to due process under the Fifth Amendment.

67. With no citation to any precedent or legal authority, the court ruled that:

> The fundamental tenet of term limits is that prior terms are considered and future terms are limited based upon those prior terms. The 'default' therefore is that prior terms are counted. Given that, defendants' position that their interpretation is reasonable does not withstand scrutiny.
>
> *Warren City Council v. Buffa*, No. 365488, 2023 WL 3046530, at *5 (Mich. Ct. App. Apr. 21, 2023), appeal denied, 989 N.W.2d 679 (Mich. 2023).

68. The court then concluded that: "It follows that the charter language is unambiguous…" *Id*. at *6.

69. Yet, "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Johnson v. Pastoriza*, 491 Mich. 417, 429, 818 N.W.2d 279, 285 (2012).

70. Accordingly, reasonable minds could differ as to the language of the statute, and "a statute that is ambiguous with respect to retroactive application is construed under [constitutional] precedent to be unambiguously prospective." *I.N.S. v. St. Cyr*, 533 U.S. 289, 320, 121 S. Ct. 2271, 2290, 150 L. Ed. 2d 347 (2001).

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 3202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

71. The decision in Defendant Council's lawsuit further misapplied the law, in violation of Plaintiff's due process rights, when it interpreted the term "prospective" to allow for retroactive application to Plaintiff.

72. For this, the Michigan Court of Appeals cited to *LaFontaine Saline, Inc. v. Chrysler Grp., LLC*, 496 Mich. 26, 40, 852 N.W.2d 78, 86 (2014) for this premise.

73. Yet, *LaFontaine* merely commented that "in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event." *Id.*

74. *LaFontaine* also holds that, while the above is true, a statute that "takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, **or attaches a new disability with respect to transactions or considerations already past**," it is impermissibly retroactive under Michigan law. *Id.* (quoting *Hughes v. Judges' Retirement Bd.*, 407 Mich. 75, 85, 282 N.W.2d 160 (1979).

75. Plaintiff's disqualification from both the candidacy and the office of the Mayor of the City of Warren indisputably constitutes a legal disability.

76. As further support of the fact that the court in Defendant Council's lawsuit misapplied the law of retroactivity, diligent inquiry into the posture of other state (and Native American nation's) supreme courts reveals only that

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

"prospective" application means one thing only: that prior terms of office are

not counted towards a new (reduced) limit.

> Some would have us believe that this case is about the advisability or nonadvisability of term limits for Cincinnati city councilpersons. They are mistaken. The people of Cincinnati have resoundingly spoken on that issue and their judgment, at least in this forum, should not be disturbed. In passing Issue 5, however, the voters made the term limitation retroactive. This, we believe, they could not constitutionally do.

*State ex rel. Mirlisena v. Hamilton Cty. Bd. of Elections*, 67 Ohio St. 3d 597, 600, 622 N.E.2d 329, 331 (1993).

> As already stated, two proponents of the Amendment, U.S. Term Limits, Inc. and the State of Arkansas represented by the Attorney General's office, interpret it to apply prospectively. Arkansans for Governmental Reform took the same position before the circuit court. Because of the vagueness in the Amendment on this point, we agree. Only periods of service commencing on or after January 1, 1993, will be counted as a term for limitation purposes under Amendment 73.

*U.S. Term Limits, Inc. v. Hill*, 316 Ark. 251, 260–61, 872 S.W.2d 349, 353–54 (1994), *aff'd sub nom. U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 115 S. Ct. 1842, 131 L. Ed. 2d 881 (1995).

> Moreover, Article 15, Section 3(2) is "to be given only prospective application from its effective date," since any intent to make it retrospective does not clearly appear from the provision's terms. Thus, the term-limit provision applies prospectively from November 27, 1996.

*Miller v. Burk*, 124 Nev. 579, 589, 188 P.3d 1112, 1119 (2008).

> Term limits imposed in a manner inconsistent with this Section remain valid prospectively, but are invalid as they apply to service prior to the enactment of the term limits.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

*Burns v. Mun. Officers Electoral Bd. of Vill. of Elk Grove Vill.*, 2020 IL 125714, ¶ 24, 161 N.E.3d 939, 944 (Citing IL cons.).

[W]e decline to apply the Charter Amendment retroactively to include those terms that preceded the Amendment's ratification towards the limit of "four consecutive two year terms."

*Clark v. Arakaki*, 118 Haw. 355, 365, 191 P.3d 176, 186 (2008).

In the instant case it is immaterial whether appellee did or did not serve as sheriff prior to January 1, 1951. On that date a new term of office started under a new constitutional provision.

*Pommerehn v. Sauley*, 233 Ind. 140, 142, 117 N.E.2d 556, 557 (1954).

[W]hen courts encounter term limit amendments that do not indicate when to commence counting terms of office, they typically begin by noting a presumption against retroactivity. For example, a constitutional amendment "will not be construed as retroactive when it may be reasonably construed otherwise." *Id.* at 361; *see also Clark v. Arakaki,* 118 Hawai'i 355, 191 P.3d 176, 186 (2008) (" 'No law has any retrospective application, unless otherwise expressed or obviously intended.' ").

*Two Bears v. Ho-Chunk Nation Election Bd.*, No. SU 13-02, 2013 WL 8538974 (Ho-Chunk May 20, 2013).

As such, a prospective application dictates that the new term limits provision not apply until the 2007 election for purposes of the Cherokee Constitution of 1999. To hold otherwise would cause an unconstitutional ex post facto application of a term of limitation—in effect a violation of both Constitutions.

*Cherokee Nation Tribal Council v. Smith*, No. SC-09-03, 2010 WL 8903710 (Cherokee Sup. Ct. Feb. 4, 2010).

77. Accordingly, the Defendants' and the Michigan Court of Appeals supposed

‘prospective’ use of the 2020 charter amendment to bar Plaintiff from running

for office is more than just an acceptable quirk of Michigan state law, but is an unacceptable miscarriage of constitutional justice misapplying the law of the state of Michigan, the law of the country, and the common sense.

### *Plaintiff's entitlement to a*
### *permanent injunction against Defendants.*

78. Owing to Defendants' conduct described above, Plaintiff has had his legacy and reputation tarnished, has lost income, suffered emotional distress, developed insomnia, anxiety, and acid reflux from the severe amount of stress that the stifling of his political career has induced in him.

79. In addition to the above injuries, however, the depravation of Plaintiff's dearest constitutional rights is an irreparable harm to Plaintiff that no remedy at law, such as monetary damages, are can compensate for the depravation of Plaintiff's constitutional rights.

80. No Defendant, on the other hand, is suffering the same political exile as Plaintiff, and there would be no hardship to Defendants in allowing the citizens of Warren to consider Plaintiff for their next choice as mayor.

81. The public interest would be in no way disserved by an injunction requiring Plaintiff to be placed on the ballot in a special primary election as 1) no individual member of the public would be required to vote for Plaintiff and 2) the public already voted to increase Plaintiff's potential time in office from three terms to five terms, while Plaintiff served as their mayor, but for the

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

reasons discussed above, did not clearly vote to reduce Plaintiff to three terms retroactively.

## COUNT I

### Violation of First Amendment
### right to political expression and association
### (*As to all Defendants*)

82. Plaintiff incorporates the preceding paragraphs hereunder by reference.

83. The First Amendment of the United States Constitution protects Plaintiff's political speech.

84. Federal First Amendment protections apply to the states by way of the Fourteenth Amendment to the United States Constitution.

85. The ultimate expression of one's political speech is their voting and/or running for political office.

86. Plaintiff's First Amendment rights are being violated because he is being prohibited from participating as a candidate for Mayor of the City of Warren, despite being overwhelmingly qualified and enjoying overwhelming political support of the citizens of Warren.

87. Defendant Council is responsible for the violation of Plaintiff's First Amendment rights by their unlawful conduct in suing the Macomb County Clerk and City of Warren Clerk to force them to exclude Plaintiff from the 2023 ballot.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

88. Defendant Commission is responsible for the violation of Plaintiff's First Amendment rights by their unlawful conduct in removing Plaintiff's name from, or refusing to place Plaintiff's name on, the 2023 ballots.

89. Defendant Macomb Clerk is responsible for the violation of Plaintiff's First Amendment rights for his failure to certify the election with Plaintiff's name on the ballot.

90. Defendant City Clerk is responsible for the violation of Plaintiff's First Amendment rights for her failure to certify the election ballots with Plaintiff's name on them.

91. As a direct result of Defendants' conduct, Plaintiff is suffering the irreparable harm of having his First Amendment rights to express his political speech through his candidacy and his vote.

## COUNT II

### Violation of Fifth Amendment right to be free from imposition of a legal disability without due process of law
(*As to all Defendants*)

92. Plaintiff incorporates the preceding paragraphs hereunder by reference.

93. Plaintiff has a right under the Fifth Amendment of the United States constitution to not suffer retroactive legal disabilities arising out of past considerations.

A Y A D  L A W,  P. L. L. C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

94. Here, Defendants have each violated said right by working together to prohibit Plaintiff from being a candidate for the Mayor of the City of Warren in the upcoming 2023 election.

95. Specifically, Defendants have caused the 2020 charter amendment to be unconstitutionally applied to Plaintiff by:

    c. Proposing an unambiguous charter amendment which included language as to retroactivity, but then causing an ambiguous charter amendment which excluded the language in the proposal, onto the 2020 ballot, and then suing to have it enforced retroactively against Plaintiff;

    d. Defendant Commission causing Plaintiff's name to be removed from the ballots for the upcoming August 8, 2023 election, and printing ballots with his name removed.

    e. Defendant City Clerk certifying said ballots; and

    f. Defendant County Clerk certifying said election.

96. As a direct result of Defendants' conduct, Plaintiff is suffering the irreparable harm of having his Fifth Amendment right against retroactive application of new laws that would impose a disability on him.

**COUNT III**

**Violation of Fourteenth Amendment right
to equal application of the laws prohibiting
retroactive application of statutes to Plaintiff
(*As to all Defendants*)**

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

97. Plaintiff incorporates the preceding paragraphs hereunder by reference.

98. Plaintiff has a right under the Fourteenth Amendment of the United States constitution to equal application of the laws of the United States and State of Michigan.

99. Here, Defendants have each violated said right by causing the a law— ambiguous as to retroactivity on its face—to be uniquely applied retroactively to Plaintiff, in violation of Michigan and federal supreme court and constitutional precedent.

100. Specifically, Defendants have caused the 2020 charter amendment to be unconstitutionally applied to Plaintiff by:

g. Proposing an unambiguous charter amendment which included language as to retroactivity, but then causing an ambiguous charter amendment which excluded the language in the proposal, onto the 2020 ballot, and then suing to have it enforced retroactively against Plaintiff;

h. Defendant Commission causing Plaintiff's name to be removed from the ballots for the upcoming August 8, 2023 election, and printing ballots with his name removed.

i. Defendant City Clerk certifying said ballots; and

j. Defendant County Clerk certifying said election.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

101.    As a direct result of Defendants' conduct, Plaintiff is suffering the irreparable harm of having his Fourteenth Amendment rights to equal treatment under the laws of the Michigan.

## COUNT IV
## Declaratory Judgment
### (*As to all Defendants*)

102.    Plaintiff incorporates the preceding paragraphs hereunder by reference.

103.    Plaintiff seeks and this Court is empowered to declare the rights and other legal relations of "any interested party" seeking such declaration, pursuant to the Declaratory Judgment Act, 28 USC § 2201.

104.    Before the Court is a case of actual controversy the rights and duties of the respective parties require clarification to avoid the irreparable harm to Plaintiff of the continued violation of his constitutional rights.

### STATEMENT AS TO TIMING

Plaintiff's counsel has been only recently retained to bring Plaintiff's claims. Owing to the special timing considerations present in this matter, making time of the essence, Plaintiff is asking that the Court expedite the process of adjudicating this complaint, in the interest of all parties and the voters of the City of Warren, in light of the important issues of public concern raised herein.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

**CONCLUSION AND RELIEF REQUESTED**

Plaintiff has been elected and reelected as Mayor of the City of Warren for the past 16 years. Prior to Defendants' stopping Plaintiff from running for reelection, he was enjoying strong polling numbers which indicated that he had a high chance of being reelected in the upcoming election. Plaintiff now comes to this Court as a candidate but also as a voter, on behalf of all the voters in the City of Warren that believe in his mission of progress but are now unable to cast their votes for their favored candidate; a clear violation of their First Amendment rights.

Despite having the mandate of the people, now, owing to the unequal and unique interpretation of the 2020 charter amendment, Plaintiff name has been stricken from the ballots in violation of his and his supporters' constitutional rights.

This Court must take up the opportunity to right the obvious and targeted injustice being perpetrated against all citizens of Warren who support James R Fouts for Mayor.

WHEREFORE, Plaintiff James R Fouts humbly prays that this Honorable Court enter a judgment against Defendants and in Plaintiff's favor, and issue an order containing the following relief:

a) Declaring that applying the 2020 charter amendment to Plaintiff's terms begun prior to its enactment violates Plaintiff's First Amendment, Fifth Amendment, and Fourteenth Amendment rights under the United States constitution;

b) Ordering that Defendants Commission, County Clerk, and City Clerk decertify the mayoral election in the upcoming August 8, 2023 primary election, cause a special election to be held solely for the election of the candidate for the Mayor of the City of Warren, and add (and certify) Plaintiff's name on the ballot for said special election;

c) Ordering Defendants to pay Plaintiff monetary damages in an amount designed to compensate Plaintiff for the constitutional, emotional, and economic damages that he has suffered as a result of their unlawful conduct; and

d) Any and all other relief which this Honorable Court deems equitable and just.

Respectfully Submitted,

*s/Nabih H Ayad* (P59518)
William D Savage (P82146)
*Attorneys for Plaintiff*
645 Griswold St., Ste. 2202
Detroit, MI 48226
P: (313) 983-4600 | F: (313) 983-4665
Date: August 2, 2023             filing@ayadlawpllc.com

## VERIFICATION

I verify that I have read this entire document and that to the best of my knowledge, information, and belief, the facts stated herein are true and accurate.

Dated: August 2, 2023          Signed: _____

James R Fouts

*Plaintiff*